MERCER *v.* BAILEY ET AL.

[No. 13,238. Filed May 10, 1928.]

*C. W. H. Bangs,* for appellant.

McMAHAN, J.—Appellant filed an application with the Industrial Board for compensation because of an injury which he claims arose out of and in the course of his employment by appellees. The Industrial Board, by a majority of its members, found that appellant was not in the employment of appellees, that his injury did not arise out of, and in the course of, his employment by appellees, and denied compensation.

Appellees, as partners, were doing business under the name of the Huntington Overland Company. Appellant testified that at the time of his injury he was em-

ployed by appellees, his duties being to repair automobiles. He testified to a state of facts sufficient to justify a finding that he was an employee of appellees and that he was entitled to compensation.

Appellee J. Frank Bailey, who appears to have been the active member of the firm, testified that, before appellant began work, he had a talk with appellant and told him they did not hire anybody or pay them any salary; that they would let appellant have the room without rent, they to furnish lights, steam and electricity, and appellant to give them one-third of what he took in. Appellees kept a separate account of repair work. They did the collecting and paid appellant two-thirds of the money so collected. They had never guaranteed appellant $20 a week as was testified to by appellant; that after appellant was hurt, the latter got another mechanic to finish the job appellant was working on at time of injury and that appellant paid this mechanic. If a customer wanted a car repaired, the witness hired appellant to do it, and a charge of $1 an hour was made for appellant's work. Appellees kept a record of the work done by appellant, the amount collected, sent out some statements to customers for repair work, and on Saturday of each week paid appellant two-thirds of the amount received during the week.

Appellant insists that the facts proved show, as a matter of law, that he was an employee of appellees. But as it appears to us, the question was one of fact for the Industrial Board. The evidence in our judgment is sufficient to sustain the finding.

The award, therefore, is affirmed.

Dausman, J., absent.